# UNITED STATES DISTRICT COURT

## Southern District of Florida

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
| v. | (For **Revocation** of Probation or Supervised Release) |

TRAVIS LEONDRE PARKER

Case No.      1:04-CR-21018-COHN
USM No.      65847-004

Daniel Courtney, Esq.
Defendant's Attorney

**THE DEFENDANT:**

X   admitted guilt to violation of condition(s)     #2_____ of the term of supervision.

☐   was found in violation of condition(s)     _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| #2 | failing to maintain full-time employment, legitimate employment or being unemployed for a term of more than thirty (30) days<br>During the course of the defendant's post conviction supervision the defendant has failed to maintain full-time employment and has remained unemployed for a term of more than thirty (30) days. | March 4, 2008 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: _____

Defendant's Year of Birth: _____

City and State of Defendant's Residence: _____

4/25/2008
Date of Imposition of Judgment

Signature of Judge

JAMES I. COHN, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

4/28/08
Date

AO 245D    (Rev. 12/07) Judgment in a Criminal Case for Revocations
           Sheet 1A

|  |  | Judgment—Page __2__ of __6__ |
|---|---|---|
| DEFENDANT: | TRAVIS LEONDRE PARKER | |
| CASE NUMBER: | 1:04-CR-21-18-COHN | |

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| 1 | **VIOLATION OF STANDARD CONDITION:** failing to submit a truthful and days of each month. The defendant has failed to submit a written monthly report for January 2008. | The Court dismissed |
| 3 | **VIOLATION OF STANDARD CONDITION:** failing to work regularly at a lawful occupation. Since on or about July 27, 2007, the defendant has failed to work regularly as required. | The Court dismissed |
| 4 | **VIOLATION OF STANDARD CONDITION:** failing to notify the Probation about July 27, 2007, the defendant left employment with Labor Advantage, Inc., an employment staffing agency, located at 4107 NW 135 Street, Opalocka, Florida 33054, and he failed to notify the Probation Office. | The Court dismissed |
| 5 | **VIOLATION OF STANDARD CONDITION:** failing to provide truthful 2008, the defendant provided false information that he was working at Advantage Labor, Inc., when in fact he was not. | The Court dismissed |
| 6 | **VIOLATION OF STANDARD CONDITION:** by associating with a person who is a convicted felon without permission of the U.S. Probation Officer. On or about April 6, 2007, the defendant knowingly associated with Chauncey Darrell Smith, Black/Male, DOB: 1/4/86, FBI #160908XB5, convicted in Miami-Dade County, Florida, on October 12, 2004, Docket No. F04-026527A, of Selling Cocaine, and sentenced to withheld adjudication with special conditions of probation. | The Court dismissed |
| 7 | **VIOLATION OF STANDARD CONDITION:** by association with a person who is a convicted felon without permission of the U.S. Probation Officer. On or about January 24, 2008, the defendant knowingly associated with Ashona Marcella Morgan, Black/Female, DOB: 9/8/84, FBI #112038LB3, convicted in Miami-Dade County, Florida, on January 11, 2002, Docket No. F01-30200B, of Shooting a Deadly Missile, and sentenced to withheld adjudication with special of probation. | The Court dismissed |
| 8 | **VIOLATION OF STANDARD CONDITION:** failing to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. On or about February 4, 2008, in Miami-Dade County, Florida, the defendant was arrested, he failed to advise the U.S. Probation Officer. | The Court dismissed |
| 9 | **VIOLATION OF STANDARD CONDITION:** failing to refrain from a violation of the law. On or about February 4, 2008, in Miami-Dade County, Florida, the defendant committed the offense of Grand Theft (3rd Degree), contrary to Florida Statute 812.014(d). | Dismissed on the Government's motion. |

AO 245D    (Rev. 12/07) Judgment in a Criminal Case for Revocations
           Sheet 2— Imprisonment

|  |  |
|---|---|
| DEFENDANT: | TRAVIS LEONDRE PARKER |
| CASE NUMBER: | 1:04-CR-21-18-COHN |

Judgment — Page  3  of  6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of :    Imprisonment of 4 months.

☐  The court makes the following recommendations to the Bureau of Prisons:

☐  The defendant is remanded to the custody of the United States Marshal.

X  The defendant shall surrender to the United States Marshal for this district:

   X  at    2:00    ☐ a.m.   X p.m.   on    Monday, April 28, 2008   .
   ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐  before 2 p.m. on _____.
   ☐  as notified by the United States Marshal.
   ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

       Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

                                                _____
                                                UNITED STATES MARSHAL

                                         By _____
                                                DEPUTY UNITED STATES MARSHAL

AO 245D    (Rev. 12/07) Judgment in a Criminal Case for Revocations
           Sheet 3 — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT:      TRAVIS LEONDRE PARKER
CASE NUMBER:    1:05-CR-21-18-COHN

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    No Supervised Release Imposed

   The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

   If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

   The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: TRAVIS LEONDRE PARKER
CASE NUMBER: 1:04-CR-21-18-COHN

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS | $ 0 | $ 0 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution or a fine more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245D    (Rev. 12/07) Judgment in a Criminal Case for Revocations
           Sheet 6 — Schedule of Payments

Judgment — Page    6    of    6

DEFENDANT:        TRAVIS LEONDRE PARKER
CASE NUMBER:      1:04-CR-21-18-COHN

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below); or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,   ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay.

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.